**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LAURIE SUSANN ROSS,

           Plaintiff,

vs.                                             Case No. 3:14-cv-642-J-JRK

CAROLYN W. COLVIN,
Commissioner of Social Security,

           Defendant.
_____/

**OPINION AND ORDER**[1]

**I.  Status**

Laurie Susann Ross, ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Her alleged inability to work is the result of "[b]ulging discs[, b]ack problems[, and right] shoulder pain." Transcript of Administrative Proceedings (Doc. No. 10; "Tr." or "administrative transcript"), filed August 7, 2014, at 296. On April 6, 2010, Plaintiff filed applications for SSI and DIB, alleging an onset date of March 31, 2006.[2] Tr. at 244-48 (DIB), 249-55 (SSI). Plaintiff's applications were denied initially, see Tr. at 111,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed August 7, 2014; Reference Order (Doc. No. 12), signed August 8, 2014 and entered August 11, 2014.

[2] According to Plaintiff, the onset date was later amended to May 21, 2008. Tr. at 53; Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14) at 3. The Administrative Law Judge, however, used the original onset date of March 31, 2006 in her Decision. Tr. at 41. The undersigned notes that the exact onset date is of no import here.

118-19 (SSI), 115-16 (DIB), and were denied upon reconsideration, see Tr. at 112, 131-32 (SSI), 128-29 (DIB).

On November 15, 2011, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff testified. Tr. at 86-102. During the November 15, 2011 hearing, the ALJ determined that the medical record was incomplete. Tr. at 89. The hearing was continued to obtain the missing medical records and give Plaintiff the opportunity to obtain representation. Tr. at 89. On June 21, 2012, the hearing reconvened; Plaintiff and a vocational expert ("VE") testified. Tr. at 48-85. At the time of the hearing, Plaintiff was fifty-four (54) years old. Tr. at 55. On September 11, 2012, the ALJ issued a decision finding Plaintiff not disabled. Tr. at 30-41.

After the ALJ's decision was issued, the Appeals Council received from Plaintiff some additional evidence in the form of a letter from Plaintiff to the ALJ, Tr. at 391, treatment notes from Glenwood A. Charles, M.D. ("Dr. Charles"), dated September 5, 2012, Tr. at 1222-24, a Physical Medical Source Statement from Kraiyuth Vongxaiburana, M.D. ("Dr. Vongxaiburana"), dated July 22, 3013, Tr. at 10-13, and Dr. Vongxaiburana's treatment notes, dated February 7, 2013 and May 9, 2013, Tr. at 19-21. The letter and treatment notes from Dr. Charles were incorporated into the administrative transcript. Tr. at 6. On April 28, 2014, the Appeals Council issued a written decision ("Decision") denying Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at 1-4. In its Decision, the Appeals Council explained that it rejected the Physical Medical Source Statement and treatment notes from Dr. Vongxaiburana because this material is "new information [that] is about a later time" and "[t]herefore, it does not affect the decision about whether [Plaintiff was] disabled beginning on or before September 11, 2012." Tr. at 2.

On June 4, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. On appeal, Plaintiff clearly raises the issue of whether the Appeals Council erred in failing to consider what Plaintiff describes as relevant, new, and material evidence from Dr. Vongxaiburana that related to a time period prior to the subject decision by the ALJ. See Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem.") at 2, 5, 8-10. Plaintiff may also be attempting to raise issues regarding the ALJ's decision, but as explained in detail below, she has failed to adequately do so. In opposition, Defendant contends, among other things, that the Appeals Council properly denied review of the ALJ's decision after receiving the medical records of Dr. Vongxaiburana, and this additional evidence does not undermine the ALJ's decision. See generally Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 15; "Def.'s Mem."), filed December 5, 2014.

As to the issue of whether the Appeals Council erred in declining to consider evidence from Dr. Vongxaiburana, the undersigned finds that this evidence is not chronologically relevant to the time period prior to September 11, 2012, the date of the ALJ's decision; therefore the Appeals Council did not err in rejecting this evidence. Even if the evidence from Dr. Vongxaiburana were chronologically relevant, it would either be cumulative of other evidence in the record or opinion evidence on an issue reserved for the Commissioner. As such, it would not disturb the substantial evidence supporting the ALJ's decision.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four, where she ended the sequential inquiry based upon her step four finding. See Tr. at 32-41. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 21, 2008, the amended alleged onset date." Tr. at 32 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: obesity; mild cervical and lumbar degenerative disc disease; and hypertension, controlled." Tr. at 32 (emphasis and citation omitted). At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 35 (emphasis and citation omitted).

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"): "[Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no climbing of ladders or scaffolds; frequent climbing of ramps and stairs, occasional balancing, crouching, crawling, stooping, squatting, and kneeling; and must avoid heights and vibrations." Tr. at 35 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is capable of performing past relevant work as a retail sales clerk/customer service representative and store manager. This work does not require the performance of work-related activities precluded by [Plaintiff's RFC]." Tr. at 40 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from March 31, 2006, through the date of this decision." Tr. at 41 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported

by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

In addition to her central argument that the Appeals Council erred in failing to consider what Plaintiff describes as relevant, new, and material evidence from Dr. Vongxaiburana that related to a time period prior to the subject decision by the ALJ, it appears that Plaintiff may be trying to raise issues related to the ALJ's decision in her memorandum. For example, in the section titled "Preliminary Statement," Plaintiff claims the ALJ erred by failing to consider "the totality of [P]laintiff's testimony." Pl.'s Mem. at 1. In the section titled "Statement of Facts," Plaintiff claims the ALJ "failed to recognize that [P]laintiff amended her onset date" and "did not even consider the condition of Plaintiff's right shoulder" or Plaintiff's "bilateral carpal tunnel syndrome, and rotator cuff surgical repair which culminated in a 9% impairment to the body as a whole." Id. at 3-4. She only raises these issues in passing, however. There is no indication as to what portion of Plaintiff's testimony the ALJ allegedly failed to consider. Plaintiff provides no basis for her claims that the ALJ failed to recognize the amended onset date and failed to consider Plaintiff's various physical impairments.

In the section of her memorandum titled "Argument," Plaintiff asserts that the ALJ erred by not giving proper weight to Plaintiff's treating physicians. Id. at 8. Plaintiff

references the findings of Dr. Steven M. Bailey, M.D. ("Dr. Bailey"), who opined that Plaintiff was "incapable of work, and certainly could not return to her prior past work," an unspecified treating physician who deemed Plaintiff was "not capable of the full range of even sedentary duty," and a "thoracic MRI [showing] that [P]laintiff's spinal cord was indented at T8-9 and T9-10." Id. In making these references, Plaintiff provides no citations to the record. See id. She concedes that Dr. Bailey's findings here predate her alleged onset date.[4] Id. Finally, Plaintiff never identifies the treating physician who deemed she was "not capable of the full range of sedentary duty." See id.

Plaintiff provides no legal authority to support her numerous claims. As such, the undersigned does not address this evidence or testimony, because a court need not "consider an issue raised only in passing or in a way that eschews legal argument or authority." Buttram v. Soc. Sec. Admin., Com'r, 594 F. App'x 569, 572 (11th Cir. 2014) (citing Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (stating that "[w]e have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority")); see also Scheduling Order (Doc. No. 11), entered August 8, 2014 at 1 ¶ 1 (explaining that "Plaintiff must identify with particularity the grounds upon which the administrative decision is being challenged" and provide "citations of the governing legal

---

[4] As discussed below, Dr. Bailey later provided documentation of Plaintiff's impairments during the relevant time period (between her alleged onset date and the date of the ALJ's decision). See Tr. at 447-49.

standards" in support of her claims; warning that any claim not meeting these requirements is "subject to being disregarded for insufficient development") (emphasis added).[5]

As to Plaintiff's central argument, she claims the Appeals Council erred in failing to consider what Plaintiff describes as relevant, new, and material evidence from Dr. Vongxaiburana that addressed a time period prior to the subject decision by the ALJ. Pl.'s Mem. at 2, 5, 8-10. In arguing the Appeals Council erred, Plaintiff asserts that because "Dr. Vongxaiburana specifically states he had been treating the [P]laintiff since April of 2012," the Appeals Council's statement that the doctor's records and Physical Medical Source Statement do not affect its decision about whether Plaintiff was disabled beginning on or about September 11, 2012 is "patently false." Id. at 8-9. Defendant contends that the fact that Dr. Vongxaiburana began treating Plaintiff before the ALJ's decision in and of itself does not make the doctor's opinion chronologically relevant. Def.'s Mem. at 10. Defendant makes the alternative argument that even if the evidence from Dr. Vongxaiburana were chronologically relevant (which Defendant does not concede), it would not undermine the substantial evidence supporting the ALJ's decision. Id. at 11-12.

The additional evidence presented to the Appeals Council consists of a Physical Medical Source Statement completed by Dr. Vongxaiburana on July 22, 2013, Tr. at 10-13, and Dr. Vongxaiburana's treatment notes, dated February 7, 2013 and May 9, 2013, Tr. at 19-21. In the Physical Medical Source Statement, Dr. Vongxaiburana stated that he has treated Plaintiff "3 months - since 4/2012." Tr. at 10. He diagnosed Plaintiff as suffering from

---

[5] It may be, too, that Plaintiff is making these assertions to help advance her central argument that the Appeals Council erred in failing to consider what Plaintiff describes as relevant, new, and material evidence from Dr. Vongxaiburana that related to a time period prior to the subject decision by the ALJ.

"[f]ibromyalgia, chronic neck pain, chronic thoracic back pa[in, and] probable carpal tunnel syndrome." Tr. at 10.  Dr. Vongxaiburana opined that Plaintiff would be off task 25% or more of the day, and that she is incapable of even low stress work.  Tr. at 13.  If Plaintiff were to work, Dr. Vongxaiburana suggested she would miss more than four days per month as a result of her impairments.  Tr. at 13.  Dr. Vongxaiburana concluded the Physical Medical Source Statement by opining that Plaintiff "is permanently disabled."  Tr. at 13.

In the treatment notes dated February 7, 2013, Dr. Vongxaiburana assessed Plaintiff for "[c]hronic neck pain[, c]hronic low back pain[, c]hronic aches and pain, especially in her legs, probably from fibromyalgia[, and p]robable bilateral carpal tunnel syndrome."  Tr. at 19. Other than noting that Plaintiff had "giveaway weakness in all four extremities," the doctor's physical examination of Plaintiff was unremarkable.  Tr. at 19.  Notably, however, Dr. Vongxaiburana opined that the "nature of the weakness suggests it is secondary to poor effort secondary to pain."  Tr. at 19.  In the section of the treatment notes marked "Plan," the doctor opined that:

> [Plaintiff] is in quite a lot of pain.  I do not feel that she will be able to work.  I do feel that she is permanently disabled.  In the past when she volunteered for a church for even a couple of days, she could not tolerate it.  The pain was severe.  She could not finish that week of volunteering for the church. Therefore I do feel that she is permanently disabled.

Tr. at 19-20.

The Appeals Council declined review, stating as follows:

We also looked at treatment notes from [Dr. Vongxaiburana] dated February 7, 2013-May 9, 2013 and a medical source statement from [the doctor] dated July 22, 2013.  The [ALJ] decided your case through September 11, 2012. This new information is about a later time.  Therefore, it does not affect the decision about whether you were disabled beginning on or before September 11, 2012.

Tr. at 2.

When the Appeals Council is presented with evidence that was not presented to the ALJ, the Appeals Council is required to consider the evidence if it is "new, material, and chronologically relevant[.]" Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1261 (11th Cir. 2007) (citing 20 C.F.R. § 404.970(b)). Further, the Appeals Council "must review the case if 'the [ALJ]'s actions, finding, or conclusion is contrary to the weight of the evidence currently of record.'" Id. (quoting 20 C.F.R. § 404.970(b)). In the event the Appeals Council considers new evidence but denies review, the Appeals Council is not required to articulate its reasons for denying review. See Parks v. Comm'r of Soc. Sec. Admin., 783 F.3d 847, 852-53 (11th Cir. 2015) (citation omitted) (when "[t]he Appeals Council stated that it considered the new evidence . . . and . . . added the evidence to the record," finding that "[t]he Appeals Council was not required to do more"); Mitchell v. Comm'r of Soc. Sec. Admin., 771 F.3d 780, 785 (11th Cir. 2014).

If the Appeals Council denies review following the submission of chronologically relevant evidence, and a claimant challenges the Appeal's Council's denial, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784-85 (11th Cir. 2014) (citing Ingram, 496 F.3d at 1262); see also Levie v. Comm'r of Soc. Sec., 514 F. App'x 829, 832-33 (11th Cir. 2013) (citation omitted); Kalishek v. Comm'r of Soc. Sec., 470 F. App'x 868, 869 (11th Cir. 2012) (citation omitted); Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous") (citation omitted). In other words, to obtain a

-10-

remand from a federal district court under sentence four of 42 U.S.C. § 405(g), "[a] claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (citing Ingram, 496 F.3d at 1266-67); see also Mitchell, 771 F.3d at 785 (citations omitted) (finding that "[t]he additional evidence was either cumulative of evidence before the ALJ or was not chronologically relevant, and none of it undermined the substantial evidence supporting the ALJ's decision").

Here, the Appeals Council articulated its reason for rejecting the evidence from Dr. Vongxaiburana: it is "new information [] about a later time." Tr. at 2.  In other words, the Physical Medical Source Statement and treatment notes from Dr. Vongxaiburana lack chronological relevance.  Even accepting Dr. Vongxaiburana's statement on the Physical Medical Source Statement that he began treating Plaintiff in April 2012, despite the lack of support in the form of treatment notes from this earlier time period, there is no indication that Dr. Vongxaiburana's impression of Plaintiff in the Physical Medical Source Statement reflected Plaintiff's condition during the time period between April 2012 and September 11, 2012, the date of the ALJ's decision, as opposed to some period between September 11, 2012 and July 22, 2013, the date Dr. Vongxaiburana authored the form.  The treatment notes corroborate the Physical Medical Source Statement to an extent; nevertheless, they are irrelevant to whether Plaintiff was disabled during the time period prior to the ALJ's decision on September 11, 2012 since they are dated February 7, 2013, and May 9, 2013.  If anything, the treatment notes only provide additional support to the assumption that Dr.

Vongxaiburana's impression of Plaintiff in the Physical Medical Source Statement reflected Plaintiff's condition at some period after September 11, 2012.

Assuming, arguendo, that the Physical Medical Source Statement and treatment notes from Dr. Vongxaiburana were chronologically relevant to Plaintiff's condition during the period between April 2012 and September 11, 2012, the date of the ALJ's decision, and added to the record, this new evidence would not render the denial of benefits erroneous. The Physical Medical Source Statement and treatment notes are largely consistent with the medical evidence in the record. Moreover, neither the Physical Medical Source Statement nor the treatment notes provide any new information about Plaintiff's condition during the relevant time period. The impairments Dr. Vongxaiburana listed on the Physical Medical Source Statement and discussed in the treatment notes include chronic neck and back pain, fibromyalgia, and carpal tunnel syndrome. Tr. at 10, 19-20. These impairments are well-documented throughout the record for the relevant time period. See, e.g., Tr. at 427-29 (consultative examination report from Win M. Thu, M.D., dated August 17, 2010, documenting Plaintiff's bilateral carpal tunnel syndrome); Tr. at 447-49 (treatment notes from Dr. Bailey, dated January 20, 2011, documenting Plaintiff's "extensive" mid thoracic and low back pain, neck pain, and "a syndrome resembling fibromyalgia"); Tr. at 516-20 (treatment notes from Jeffrey Borkoski, M.D., dated July 12, 2011, documenting Plaintiff's chronic neck and back pain). Therefore, even if the evidence from Dr. Vongxaiburana were added to the record, it would be cumulative evidence and would not undermine the substantial evidence supporting the ALJ's decision. See Mitchell, 771 F.3d at 785.

Additionally, the undersigned notes that statements of disability are not medical opinions but opinions on issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Thus any opinion of Dr. Vongxaiburana in the Physical Medical Source Statement or treatment notes suggesting that Plaintiff is "disabled" or "cannot work" is not binding on the Commissioner, and as such it would have no effect on the substantial evidence supporting the ALJ's decision.

## V. Conclusion

Because the Physical Medical Source Statement and treatment records from Dr. Vongxaiburana are not chronologically relevant to the time period prior to the ALJ's decision on September 11, 2012, the Appeals Council did not err in rejecting this evidence. Even assuming, arguendo, this evidence were chronologically relevant, it would not disturb the substantial evidence supporting the ALJ's decision because it would either be cumulative of other evidence in the record or opinion evidence on an issue reserved for the Commissioner. In any event, Plaintiff cannot obtain remand from this Court.

After due consideration, it is

**ORDERED**:

1.      That the Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to § 1383(c)(3) **AFFIRMING** the Commissioner's final decision; and

2.      That the Clerk is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on June 24, 2015.

efh
Copies to:
Counsel of Record

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge